Green, Judge,
delivered the opinion of the court.
This is an action of slander for speaking the following words, viz: Nicholas and Watson were in conversation about a pig that Nicholas claimed, and that had been marked in Watson’s mark: Nicholas said to Watson, “did you not say it was not the first pig I had taken that was not my own?” Watson replied, “I did say it, and say it yet,”
The witnesses understood the words as imputing that Nicholas had stolen the pig.
*175 The defendant introduced a witness and asked him to state any thing he might know in relation to any former taking of pigs by the plaintiff from the defendant, which question being objected to by the plaintiff’s counsel, defendant’s counsel said he proposed to prove by said witness that the plaintiff on a former occasion, took in his possession several pigs belonging to the defendant, and claimed them as his own; and that afterwards upon the defendant’s claiming them, plaintiff gave them up to him; but the court rejected the evidence, to which the defendant excepted.
No exception was taken to the charge of the court. The jury found a verdict for the plaintiff, which the court refused to set aside, and the defendant appealed to this court.
1. The defendant's counsel now insist, that the words, as laid in the declaration, and proven by the witnesses, are not actionable. It is true the words in' the record are not actionable in themselves, but they result from a conversation about a pig that was claimed by each of the parties; and this colloquium being set out, the words may have a meaning which imputes’ a crime. The inuendo is, that Nicholas had stolen the pig; and the truth of an inuendo must be decided by the jury. They have determined that the words imputed a theft, and we are not disposed to disturb their verdict.
The rule is, in cases like this, that the words are to be taken in the sense in which those who heard them would most usually understand them.
2. It is next argued, that the court erred in rejecting the evidence offered by the defendant to prove the plaintiff had previously taken the defendant’s pigs under circumstances to exclude the imputation of stealing. If the defendant at the time of speaking the words, had mentioned the former taking, and the circumstances of it, so as to show that it was innocent, his meaning in the employment of the words sued on, would have been explained and would not have imputed a crime.. But as a taking may be innocent, or criminal, according to the circumstances, it would be a license to the slanderer to say that he may impute a larceny according to the plain meaning of the entire colloquium, by saying it was not the first time the person slandered had taken property *176 that was not his own; and then, when sued, be permitted to explain his meaning, by proving a former innocent taking. — ■ It will not do for a party to utter words, which, according to their plain import, and the understanding of bystanders are slanderous, and then attempt to explain his meaning to the jury by the proof of facts, which had previously transpired, and to which he made no reference when the words were uttered. •
There is no error in the record, and we affirm the judgment.